## Veech's Estate.

*Trust and trustees—Principal and income—Stock dividend—*
*Right to subscribe for new shares—Sale of rights.*

The right to subscribe for new shares at par, upon an increase
of the capital stock of the corporation, which is an incident of the
ownership of the stock, does not belong as a privilege to the life ten-
ant, but such an increment must be treated as capital and be
added to the trust for the benefit of the remainderman. This is
equally the rule whether the trustee subscribes for the new stock
for the benefit of the trust, or sells the right to subscribe for a
valuable consideration. In either event the increase goes to the
corpus.

Where a trustee, upon the increase of the capital stock of the
corporation, sells the right to subscribe to such shares at par, the
money derived from such sale goes to the corpus of the estate.

Argued April 20, 1920. Appeal, No. 133, April T.,
1920, by James A. Veech, from decree of O. C. Fayette
County, Dec. T., 1919, No. 90, in the Estate of Louisa C.
Veech, deceased. Before PORTER, HENDERSON, HEAD,
TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication. Before WORK, P. J.
The opinion of the Superior Court states the case.
The court dismissed the exceptions.

*Error assigned* was the order of the court.

E. C. Higbee, of Sterling, Higbee & Matthews, for ap-
pellant, cited: Wiltbank's App., 64 Pa. 256; Thomp-
son's Est., 262 Pa. 278; Moss's App., 83 Pa. 264; Bid-
dle's App., 99 Pa. 278.

*H. L. Robinson,* of *Umbel, Robinson, McKean & Williams,* for appellee, cited: Moss's App., 83 Pa. 268; Biddle's App., 99 Pa. 278, and Eisner's App., 175 Pa. 143.

OPINION BY HENDERSON, J., July 14, 1920:

By her last will Louisa C. Veech bequeathed to the appellant the income of thirteen shares of stock of the Standard Oil Company of New Jersey, during his natural life with remainder over to certain other legatees. The testatrix died in 1912. On application of the appellant the Citizens Title & Trust Company of Uniontown was appointed trustee to hold the stock aforesaid and to receive and pay over to the cestui que trust the income thereof. In 1919 the oil company issued preferred stock of the par value of $100 a share to an amount equalling the outstanding common stock of the company, as a result of which each holder of the common stock became entitled to subscribe at par for the same number of shares of the preferred which he held of the common stock. Certificates were issued to the stockholders setting forth their right to subscribe for the new stock. The trustee was not provided with funds which enabled it to subscribe for the shares to which it was entitled, but the certificates were negotiable and had a value. The trustee sold its right for $143; this fund the cestui que trust claimed as income of the stock to which he was entitled under the will. He therefore presented a petition to the court praying for a decree requiring the trustee to pay to him the proceeds of the sale of the right and to account to him for the difference between the amount received and $15 a share at which latter price he alleged the right might have been sold. The court refused the petition on the ground that the sum so received by the trustee was not income. The question for consideration is whether the interest of the appellant in the stock entitled him to the fund in controversy.

It is a fair conclusion the intention of the testatrix was that the corpus of the estate which she held in the stock was to be given to the remaindermen and that the dividends only were to be payable to the cestui que trust. The earnings of the corporation are one thing, and the dividends a different thing. The earnings belonged to the corporation; the dividends to the shareholders, and the latter have, generally speaking, no standing to enforce declaration of dividends as against the determination of the persons charged with the management of the corporation. The earnings are assets of the company in the advantage of which all the holders of stock share. The person entitled to income receives benefit from the increased assets through the enlarged capacity of the company to earn dividends, but he is not in a position to insist, that they be distributed as earned. The assets follow the stock. It may be said to be the general practice of corporations to add earnings to capital for the purpose of enlarging the business or to strengthen them against adverse conditions. This is a proper exercise of discretion over which a stockholder has no control except through his influence among shareholders to change the management. When, however, a dividend is declared from the profits of the business, whether made in cash or by an increase of stock, it becomes the property of a life tenant to the extent that it does not encroach on the value of the estate as it existed at the death of the testator. Where distribution is made from earnings accumulated in part before and in part after the death of the testator, the rule has been to apportion such dividends equitably between the capital and the income: Earp's App., 28 Pa. 368; Smith's Est., 140 Pa. 344; Thompson's Est., 262 Pa. 278. If this were a case of a dividend declared, with a possible impairment of the corpus of the estate as it existed at the time of the testator's death, inquiry would be made with reference to the time of the accretion of the profits distributed, but we have a different question. The money received by the

trustee on the sale of the rights was not a dividend; it was never a liability of the corporation either as stock or profits; it bears no necessary relation to the actual value of the stock. In many cases it measures the value of the expectation of the purchaser of a profitable business of the corporation in the future and may have no intrinsic value whatever. The right to subscribe belongs to the stockholder and not to the cestui que trust. It is an incident of ownership: Glenn v. Kittanning Brewing Co., 259 Pa. 510; Strickler v. McElroy, 45 Pa. Superior Ct. 165. If it had been exercised in the present case, it would not be seriously contended that stock purchased by the trustee, or a part of it equivalent to the market value of the right, belonged to the life tenant. The latter would of course profit by the dividends on the new stock taken by the trustee and in case of a sale of the right would be entitled to the income of the fund so acquired, but in neither case does he obtain title to the fund itself. We regard Eisner's App., 175 Pa. 143, as a controlling decision on the question, and Moss's App., 83 Pa. 265; Biddle's App., 99 Pa. 278; Smith's Est., 140 Pa. 347; Stoke's Est., 240 Pa. 277, and Wilcox's Est., 66 Pa. Superior Ct. 189, are in harmony with that case. In Moss's Appeal there was a sale of the right to subscribe to shares of stock and with the money so acquired new shares were bought. These were claimed by the life tenant. The Supreme Court held that they were principal and not distributable to the life tenant. Of that case it was said in Oliver's Est., 136 Pa. 43: "In the latter case the question was over the character of the option to subscribe for new shares of stock belonging to existing stockholders by virtue of their ownership, and this court held that the option did not represent profits earned, but the right of the holder to increase his investment with a view to enlarged operations and greater profits to be earned thereby in the future. It belonged therefore to the owner of the stock and not to the owner of the income." In Biddle's Appeal it was said: "The

right of the stockholder to subscribe for new stock was a right to change the form of the investment; but that which existed as principal did not by the exercise or sale of that right become income. The appellant became entitled to the income on that principal in its changed form, but not to the principal itself." Eisner's Estate involved the sale of a right to subscribe and the purchase of new shares with proceeds of such sale. Mrs. Eisner claimed both stock and money, after deducting subscription cost, as income, but it was held that the right to subscribe for new shares at par on an increase of capital stock is an incident of the ownership of the stock, and does not belong as a privilege to the life tenant, but such an increment must be treated as capital and added to the trust fund for the benefit of the remaindermen, and this is equally the rule whether the trustee subscribes for the new stock or sells the right for a valuable consideration. In either event the increase goes to the corpus. The law on the subject is thus stated in Cook on the Law of Stock & Stockholders, section 559: "The right to subscribe for new shares at par upon an increase of the capital stock, which is an incident of the ownership of the stock, does not belong as a privilege, to the life tenant, but such an increment must be treated as capital." The same rule is declared in Spooner v. Phillips et al., 62 Connecticut 62; Rand v. Hubbell, 115 Mass. 475; and numerous other cases. Wiltbank's App., 64 Pa. 256, on which the appellant relies, was said in Moss's App., supra, and Biddle's App., supra, to stand on its own facts and was not regarded in Eisner's Est., supra, as consistent with Moss's Appeal and Biddle's Appeal. Thompson's Estate, supra, does not assert a different doctrine. It was a case where there had been in fact a declaration of a dividend, and the decision was based on that fact.

From a consideration of the authorities bearing on the question, and the principle involved, we reach the conclusion that the case was well decided by the or-

phans' court. The appeal is therefore dismissed at the cost of the appellant.